IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY VASALECH, <br><br> *Plaintiff,* <br><br> v. <br><br> POLICE OFFICER JOSEPH LIPPERT and CITY OF PITTSBURGH, <br><br> *Defendants.* | Civil Action No. 2:20-cv-1252 <br><br> Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Danny Vasalech ("Vasalech") filed this action in August of 2020 against City of Pittsburgh Police Officer Lippert ("Officer Lippert") and the City of Pittsburgh ("City of Pittsburgh"). (ECF No. 1). His allegations stem from various criminal convictions and cases, but in particular a criminal conviction at CP-02-CR-0003353-2018 in the Court of Common Pleas of Allegheny County, Criminal Division. That conviction was apparently the result of a domestic dispute with his wife that led to his children revealing to a social worker in a forensic setting that Vasalech abused them. Officer Lippert provided testimony during a bail hearing in the case. (ECF No. 1, ¶¶ 12-25). Vasalech, in his Complaint, has asserted two claims under 42 U.S.C. § 1983. Count I, which is against Officer Lippert, appears to allege three claims: (1) a malicious prosecution claim under the Fourth Amendment relating to three criminal cases litigated in the Court of Common Pleas of Allegheny County, Criminal Division in 2017 and 2018; (2) Fourth Amendment claims based on an allegedly fraudulent warrant executed in 2017 or 2018 that did not result in criminal charges; and, (3) Eighth Amendment claims based on the

1

initial setting of Vasalech's bail. (ECF No. 1, ¶ 29). Count II, which is against the City of Pittsburgh, appears to allege three identical claims. (ECF No. 1, ¶ 34). Defendant City of Pittsburgh filed a Motion to Dismiss Count II for failure to state a claim. (ECF No. 17). Briefing is now complete, and the matter is ripe for resolution by the Court.

## I. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement, but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts give rise to a plausible inference, that inference alone will not entitle the plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

"[A] motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

## II. ANALYSIS

42 U.S.C. § 1983 provides a cause of action against any person who, acting under the color of state law, deprives another of his or her federal rights, and, under certain circumstances, the municipal employer and/or supervisor of such a person. To obtain relief under § 1983, a plaintiff must make a two-prong showing: (1) that s/he suffered a violation of a right secured by the Constitution and laws of the United States; and, (2) that the alleged deprivation was committed by a person acting under the color of state law. *See Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (citations omitted).

A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Id.* at 691. Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis in original). In order to prove a § 1983 claim against a municipality, a plaintiff must demonstrate that his constitutional deprivations were caused by an official policy or custom of the municipality or a failure by the municipality

to train its employees. *Id.*; *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipal policy is "a 'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059 (3d Cir. 1991) (alteration in original) (quoting *Monell*, 436 U.S. at 690). A custom, on the other hand, "is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (citation omitted).

A municipality may be held liable under § 1983 only when the enforcement of the municipal policy or practice was the "moving force" behind the violation of a plaintiff's federal protected right. The policy or practice requirement is intended to "distinguish acts of the municipality from the acts of the employee for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479. A municipal policy or practice may be established one of two ways (1) through a decisionmaker possessing final authority issuing an official proclamation, policy, or edict, or (2) a course of conduct where such practices are permanently well-settled. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). As to the latter, a practice (or custom) requires both proof of knowledge and acquiescence by the decisionmaker. *Id.* at 658. This is especially true when the alleged practice is a failure to train, where the failure must reflect a "conscious" or "deliberate" choice by the municipality. *See Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (citing *City of Canton*, 489 U.S. at 389) (recognizing a failure to properly train may be considered a "policy" under *Monell*)).

The facts pled in support of Vasalech's claims against the City of Pittsburgh are scant. There are only two factual allegations that relate to the City of Pittsburgh. They are set forth in Paragraphs 9 and 27 of the Complaint, and they state as follows:

> 9. The defendant City of Pittsburgh is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania. At all times relevant hereto, the defendant City of Pittsburgh, acting through the City of Pittsburgh Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Pittsburgh Police officers, and was responsible for the appointment, training, supervision, discipline, and retention and conduct of all City of Pittsburgh Police officers. In addition, at all times relevant hereto, the defendant City of Pittsburgh was responsible for enforcing the rules of the City of Pittsburgh Police Department, and for ensuring that the City of Pittsburgh Police Department personnel obey the laws of the United States and the Commonwealth of Pennsylvania.
>
> 27. At all times relevant hereto, the defendant City of Pittsburgh, acting through the City of Pittsburgh Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Pittsburgh Police officers, and was responsible for the appointment, training, supervision, discipline, and retention and conduct of all City of Pittsburgh Police officers. In addition, at all times relevant hereto, the defendant City of Pittsburgh was responsible for enforcing the rules of the City of Pittsburgh Police Department, and for ensuring that the City of Pittsburgh Police Department personnel obey the laws of the United States and the Commonwealth of Pennsylvania. In regard to Officer Lippert and the matters set forth herein and other, similar matters involving Officer Lippert, the defendant City of Pittsburgh has failed in its responsibilities.

(ECF No. 1, ¶¶ 9, 27). Notably, within Count II, there are absolutely no specific allegations about the City of Pittsburgh.

Vasalech has completely failed to offer sufficient facts to plausibly identify a policy or practice attributable to the City of Pittsburgh. Furthermore, no specific facts are set forth in the Complaint that would support a failure-to-train claim. The Complaint is woefully deficient in regards to any *Monell* claim; it falls completely short of containing any of the necessary elements of a *Monell* claim against the City of Pittsburgh. Vasalech must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, Count II against the City of Pittsburgh is dismissed without prejudice for failure to state a claim. Vasalech will be given a chance to amend Count II.[1]

By Order of Court to follow, the City of Pittsburgh's Motion to Dismiss will be granted. Vasalech will be afforded twenty-one days to file a First Amended Complaint as to Count II.

BY THE COURT:

4-27-21

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the United States Court of Appeals for the Third Circuit has held that in civil rights cases a court must give a plaintiff the opportunity to amend a deficient complaint when dismissing a case for failure to state a claim – regardless of whether the plaintiff requests to do so – unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Ponte Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2017). Plaintiff has attached a proposed Amended Complaint to his Response to the City of Pittsburgh's Motion. (ECF No. 22-2). Therein, Plaintiff has attempted to articulate a *Monell* claim in the new proposed Paragraphs – 28, 29, and 30 – and, therefore, he will be given the opportunity to file a First Amended Complaint as to Count II as he appears to wish to do so.